IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV417-1-MU
3:02CR2-MU

| | |
|---|---|
| MARVIN MARCO GRAHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before this Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed October 2, 2007. For the reasons stated herein, and in respondent's Motion for Summary Judgment (Doc. No. 3), Petitioner's Motion to Vacate will be denied and dismissed.

## PROCEDURAL HISTORY

On January 9, 2002, Petitioner was indicted for violating 21 U.S.C. §§ 841, 846; 18 U.S.C. § 922(g); and 18 U.S.C. § 1956(h). On April 4, 2002, the parties filed a plea agreement with the Court in which Petitioner pled guilty to all three counts listed in the Indictment. On April 24, 2002, Petitioner entered a guilty plea at his Rule 11 hearing. On August 13, 2003, the Government filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1. On April 27, 2004, at Petitioner's sentencing hearing, the Government filed a second Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1. This Court granted both downward departure motions and sentenced Petitioner to a term of 120 months imprisonment on Count

One; a concurrent 168 month term of imprisonment on Count Two; and a concurrent term of 120 months imprisonment on Count Three.

Petitioner appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On May 1, 2006, the Fourth Circuit summarily granted the Government's Motion to Dismiss Petitioner's appeal. Graham v. United States, No. 05-4851 (May 1, 2006 4th Cir.). Petitioner then filed a petition for writ of certiorari with the United States Supreme Court which was denied on October 2, 2006.

On October 2, 2007, Petitioner filed the instant timely Motion to Vacate, Set Aside, or Correct Sentence. On November 17, 2008, Petitioner filed a Motion for Leave to Amend. (Doc. No. 10.) On January 8, 2009, this Court denied Petitioner's Motion for Leave to Amend. (Doc. No. 12.) Petitioner appealed this Court's denial of his motion and the United States Court of Appeals dismissed Petitioner's appeal on July 29, 2009.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

**A. Standard of Review**

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of

reasonable professional assistance.  Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995).  Petitioner bears the burden of proving Strickland prejudice.  Fields, 956 F.2d at 1297.  If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet.  Hill v. Lockhart, 474 U.S. 52, 53-59 (1985).  When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial."  Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).  Claims of ineffective assistance of counsel at sentencing after a guilty plea, however, require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different.  United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009).

**B. Mental Capacity**

Petitioner appears to allege that his counsel were ineffective[1] for failing to raise a diminished capacity argument at sentencing.  A review of the record reveals that his counsel did raise this issue.  Indeed, Petitioner's counsel presented testimony at his sentencing hearing in support of this argument.  (Crim. Case No. 3:02cr2: Sent. Hearing Trans. 9-19).  Counsel argued strenuously for a 120 month sentence.  (Id. at 20-25).   This Court declined to grant the

---

[1] The Court notes that at the outset Petitioner alleges that he was "represented by two attorneys that have never taken a defendant to trial." (Doc. No. 1 at 5). Based upon the undersigned's personal knowledge this allegation is simply untrue.

Petitioner's Motion for Downward Departure for Diminished Capacity but used the information presented to determine the extent of the substantial assistance departure. (Id. at 28 -29). Petitioner's counsels failure to persuade this Court to grant a Downward Departure Motion for Diminished Capacity is not indicative of a deficient performance. Petitioner has failed to establish that his counsel were ineffective and this claim is dismissed.

### C. Drug Amount

Petitioner also alleges that his attorneys were ineffective for allowing him to plead guilty to 400 to 700 kilograms of cocaine when he only admitted responsibility for 40 pounds.

First, a Petitioner must take responsibility for his decision to plead guilty to particular terms. Second, the evidence in the instant case supports a conclusion that the amount of drugs to which Petitioner stipulated was supported by the evidence – indeed, Petitioner's own words support such a conclusion. As set forth in the presentence report, Petitioner admitted to selling about 40 pounds of marijuana <u>a week</u> over the course of approximately six months. (Crim. Case No. 3:02cr2: PSR ¶¶ 6, 11.) At his plea hearing Petitioner reaffirmed, under oath, his responsibility for this amount. (Crim. Case No. 3:02cr2: Plea Hearing Tr. 24, 28.) Consequently, the facts in his criminal case supported a conclusion that Petitioner was indeed responsible for the amount of drugs to which he stipulated. Interestingly, Petitioner does not assert that the Government could not have proven that he was responsible for the amount to which he stipulated. As such, Petitioner has not established that his counsel were ineffective for "allowing" him to plead guilty to 400 to 700 kilograms of marijuana.

### D. Defective Indictment

Petitioner also alleges that his counsel were ineffective because they did not object to his

defective indictment. More specifically, Petitioner appears to allege that counts two[2] and three of his Indictment were defective because they were ambiguously worded. The Court has reviewed Petitioner's Indictment and does not find it to be deficient. As such, Petitioner's counsel would have had no basis for raising such a claim. Petitioner's ineffective assistance of counsel claim on this basis fails.[3]

### E. Involuntary Guilty Plea

Although it is not entirely clear, it appears to the Court that Petitioner is arguing that his guilty plea was involuntary. For example, Petitioner asserts that he did not know that he was giving up his right to be tried by a jury; to be assisted by an attorney; to confront and cross-examine witnesses; and to not be compelled to be a witness against himself. (Doc. No. 1 at 12.)

As an initial matter the Court notes that Petitioner did not hesitate in any of his responses acknowledging the import of his guilty plea. He also swore at the start of his hearing that he was not under the influence of any medicines and that his mind was clear. (Crim. Case No. 3:02cr2: Plea Hearing Tr. 4-5.) During his plea hearing Petitioner specifically acknowledged that he understood that he had the right to plead not guilty, have a speedy trial before a judge and jury, to summons witnesses to testify for him, and to confront witnesses against him. (Crim. Case No. 3:02cr2: Plea Hearing Tr. 17.) Petitioner was directly asked if he understood that by pleading guilty he was waiving these rights and he responded in the affirmative. (Crim. Case No. 3:02cr2:

---

[2] To the extent Petitioner is contesting the "affecting interstate commerce" element of his § 922(g) conviction, the Court notes that he fails to provide any evidence whatsoever to support a conclusion that the gun at issue was not possessed affecting interstate commerce.

[3] Petitioner also appears to be objecting to the application of § 924(e) to his case. Petitioner, however, was not subject to this statutory provision.

Plea Hearing Tr. 18.) Significantly, Petitioner also swore that nobody had threatened, intimidated, or forced him to enter his plea agreement or the guilty plea. (Crim. Case No. 3:02cr2: Plea Hearing Tr. 29.) Petitioner also expressly stated that his lawyer "had done a good job for [him] and [he] appreciated it." (Crim. Case No. 3:02cr2: Plea Hearing Tr. 30.)

In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991)(statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea). As such, Petitioner's specific acknowledgment of his rights and the fact that by entering the plea he was waiving them belie his present blanket assertions to the contrary, and his claim on this basis fails.

Petitioner also states in his Motion to Vacate that Dr. McAnulty, a psychologist, performed tests on him and stated that it was this psychologist's opinion that "Petitioner's reduced mental capacity applies to volitional (insanity) impairments." (Doc. No. 1 at 6.) To the extent this statement could be construed as an attack on the voluntariness of his plea, the Court will treat it as such. A review of the psychologist's report and his testimony at sentencing, however, do not support Petitioner's contention regarding insanity. While the report does state that Petitioner has volitional impairments and as a result he has difficulty controlling his anger, the report specifically states that Petitioner is capable of distinguishing right from wrong. (3:02cr2: Doc. No. 19, Ex. 1 at 3.) Nor does the psychologist state at sentencing that Petitioner

was incapable of distinguishing right from wrong. Petitioner has not established that his volitional impairments impacted the voluntariness of his plea.[4]

### F. Coerced Confession

Petitioner alleges that his counsel were ineffective[5] for failing to challenge his coerced confession regarding his responsibility for a particular amount of drugs.

Petitioner himself admits that he was mirandized and that he waived his right to an attorney. Nevertheless, Petitioner asserts that based upon his diminished mental capacity his confession was coerced. Nothing in the Court record leads this Court to conclude that Petitioner was coerced into confessing. As already stated, the psychologist who evaluated Petitioner concluded that although Petitioner suffered from volitional impairments he was capable of distinguishing right from wrong. Consequently, Petitioner has not established that his counsel were ineffective for failing to challenge his coerced confession regarding his responsibility for a particular amount of drugs and Petitioner's claim is dismissed.

## II. APPRENDI VIOLATION

Petitioner alleges that his 168 month sentence violates his constitutional rights because it is "premised on judge made facts which increased the sentence above and beyond the 'statutory maximum' guideline range applicable to his case." (Doc. No. 1 at 7.)

---

[4] To be incompetent to enter a plea a defendant must be "unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense . . . ." 18 U.S.C. § 4241(d). A review of the record clearly refutes any such conclusion with regard to Petitioner.

[5] It is not clear that this claim was raised in an ineffective assistance of counsel context. To the extent it is not, Petitioner has waived his right to raise this claim. (Crim. Case No. 3:02cr2: Doc. No. 9 ¶ 13.)

Petitioner's plea agreement specifically sets forth that he waived his right to any and all challenges based upon Apprendi v. New Jersey, 530 U.S. 466 (2000). (Crim Case No. 3:02cr2: Doc. 9 ¶ 17.) Moreover, although Petitioner's Indictment did not contain a specific drug amount, Petitioner stipulated to a specific amount in his plea agreement. (Crim Case No. 3:02cr2: Doc. 9 ¶ 3a.) As such no Apprendi violation occurred.[6] For the foregoing reasons Petitioner's Apprendi claim is dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: January 29, 2010

Graham C. Mullen
United States District Judge

---

[6] To the extent Petitioner is alleging that his counsel were ineffective for failing to raise an Apprendi challenge, because Petitioner stipulated to the amount, his counsel had no basis for such an objection.